[No. 6689.  Decided June 29, 1907.]

John Welch, *Respondent*, v. P. J. Fransioli, *Appellant*.[1]

Negligence—Pleading—Complaint—Making More Specific.   In an action for negligently causing the death of a horse, a motion to make the complaint more definite and certain is properly overruled where the acts of negligence are set forth with more than common particularity.

Same—Evidence—Relevancy—Similar Conditions.   In an action for negligently overdriving a horse, it is not error to exclude a question by defendant as to whether a witness had not driven the distance in less time with one horse, where the horse in question was one of a heavy coach team drawing a heavy buggy with four passengers, and where defendant was not deprived of showing the time in which the same could be safely driven with similar rigs.

Same—Cause of Injury to Horse—Expert Evidence—Care Required—Appeal—Harmless Error.   In an action for negligently overdriving and causing the death of a horse, evidence of veterinary surgeons as to the proper treatment for a sick horse is not prejudicial error where it was introduced for the purpose of showing the condition of the horse and the cause of its death; especially where, in order that the jury be not misled, they were instructed that the defendant need not have the knowledge or experience of an expert horseman or veterinary surgeon, but only that of an ordinarily careful man.

Trial—Nonsuit—Conflicting Evidence.   A nonsuit is properly denied where there was sufficient competent evidence to sustain the verdict, although the same was conflicting.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered October 29, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action by a liveryman for damages for the death of a horse hired by the defendant.   Affirmed.

*Walter Loveday*, for appellant.

*Marshall K. Snell* and *Bertha M. Snell*, for respondent.

Dunbar, J.—This is an action for damages for the death of respondent's horse, alleged to have been caused by the neg-

[1]Reported in 90 Pac. 644.

ligence and wrongful treatment of appellant. Respondent is a livery stable keeper, in the city of Tacoma, and appellant is one of his patrons. On April 1, 1906, appellant hired a team of horses and a carriage from respondent, for the purpose of taking a drive for pleasure. He had with him his wife, daughter, and a lady visitor. After the return to appellant's residence, he hitched the horses in front of the house on the other side of the street, and telephoned respondent's stable to take the horses back. Shortly after having telephoned, some one informed him that one of the horses had fallen down. He immediately telephoned the barn again, and undertook to revive the horse by throwing water on its head. The horse got on his feet and was taken to the stable, where it died that night. The action was brought for the sum of $300, the cause was tried to a jury, and a verdict was returned for the full amount. Judgment was entered and appeal taken.

The first assignment is that the court erred in denying appellant's motion to make the complaint more definite and certain, it being claimed that it did not state the special acts of negligence upon which the respondent relied. It is the settled law of this state that any acts of negligence can be proven under a general allegation; but in addition to this, an examination of the complaint shows that the acts of negligence are set forth with more than common particularity, and it is difficult to understand how the complaint could have been amended in this respect. The court deemed the complaint sufficiently specific, and we think it did not err in the ruling made.

It is also contended that the court erred in excluding the question asked by appellant of a witness, Charles Bain: "Haven't you driven it (referring to the distance driven by appellant) in considerably less time with one horse?" There are so many different kinds of horses, some being roadsters and attached to light rigs, others heavy horses, attached to heavier rigs—in this instance the team being a heavy coach team—that the time consumed in driving the distance with one horse with a light rig, it seems to us, was no indication of the

time which ought to have been consumed in driving this team with a heavy buggy and four passengers. Appellant was not deprived of the privilege of showing in what time the distance could have been safely driven, or was driven, under similar circumstances and with similar rigs.

It is also alleged that the court erred in permitting the testimony of veterinary surgeons as to what was proper treatment for a sick horse. The record shows that this testimony was not introduced so much for the purpose of proving the proper treatment from an expert standpoint, as it was to show the condition of the horse and the cause of such condition. This the respondent was entitled to prove; and in order that the jury might not be misled in this respect they were instructed by the court as follows:

"It is not required of the defendant that he should have the knowledge and experience of an expert horseman, or the knowledge of a veterinary surgeon; and he is not culpable or liable to respond in damages because he may not have that skill. The test is what an ordinary man would have done under the circumstances. He could not misuse and abuse the animal in a wilfully careless or brutal spirit. He was obliged to use that ordinary care which a man would take of his own property under the circumstances, and so do what he considered best or proper to be done, and if he acted as an ordinarily careful man would act under the circumstances, the law does not charge him with any negligence sufficient to fix upon him a liability to respond in damages for the loss of the animal. So it is largely and entirely a fact for you to determine whether or not under the evidence submitted to you the defendant was guilty of negligence or not for the manner in which he treated the plaintiff's horse."

We observe no error of the court in giving or refusing to give instructions. The instructions given presented the issues clearly and fairly, and the instructions requested, which properly stated the law and were applicable to the case, had already been given by the court.

It is also contended that the court erred in denying appellant's motion for a nonsuit, and this is the most pertinent

assignment, for the record discloses that the case presented substantially only questions of fact, and all questions concerning the treatment of the horse by the appellant, the cause of his death, whether by colic or overdriving, etc., were presented to the jury. The testimony on all essential points being conflicting, and there being sufficient competent testimony to sustain the verdict, and no prejudicial error appearing in the record, this court would not be justified in reversing the judgment, and it is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, MOUNT, and CROW, JJ., concur.